UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VICTORIA R. MITCHELL | * | CIVIL ACTION |
| VERSUS | * | NO. 21-2115 |
| CVS PHARMACY, ET AL | * | SECTION "J" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Victoria Mitchell filed this employment discrimination suit on November 15, 2021. ECF No. 1. The Clerk marked the complaint deficient and ordered plaintiff to cure the specified deficiencies by December 7, 2021. ECF No. 3. When Plaintiff failed to correct the deficiencies by that date, this Court ordered Plaintiff to cure the deficiency by February 4, 2022, or Show Cause why her case should not be dismissed without prejudice. ECF No. 4. On February 10, 2022, Plaintiff filed a corrected Complaint. ECF No. 5. Summons were issued on February 10, 2022, but were returned unexecuted due to improper addresses. ECF Nos. 8, 10, 11.

On February 18, 2022, this Court ordered Plaintiff to provide proper addresses, by March 25, 2022, or show cause, in writing, why her Complaint should not be dismissed. ECF No. 12. This Order further placed Plaintiff on notice that her failure to respond by March 25, 2022, may result in a recommendation that this matter be dismissed. *Id.* The Clerk mailed a copy of that Order to Plaintiff at her address of record, and the envelope containing the show cause order has not been returned as undelivered. As of this date, Plaintiff has failed to respond to the Show Cause Order and has failed to provide proper addresses for re-issuance of summonses.

Plaintiff has thus failed to serve the complaint within 90 days, as required by Fed. R. Civ. P. 4(m). Further, she has not responded to this Court's Order to show cause or provided any information or excuse as to her failure to serve the complaint and prosecute this case. Her failure to comply with the court's orders and rules has created delay in the court's ability to efficiently

1

manage the case. This delay is caused by and attributable to Plaintiff herself, justifying dismissal of her claims.[1] Thus, the case must be dismissed without prejudice, in accordance with Fed. R. Civ. P. 4(m).[2]

In a final effort to provide plaintiff with an additional opportunity to show cause why her complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Plaintiff is advised that she may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to plaintiff that any objection should contain a short summary of the reasons why she failed to serve the complaint timely and/or failed to comply with the court's February 18, 2022 Order. Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

---

[1] *See, e.g., Pennie v. Giorgi for Dallas Morning News*, 841 F. App'x 655 (5th Cir. 2021) (discussing Rule 41(b) dismissal for failure to prosecute and looking to extent to which delay is attributable to plaintiff rather than counsel).
[2] *Lambert v. United States*, 44 F.3d 296, 299–300 (5th Cir. 1995) (stating that "[u]nder Rule 4(m), a plaintiff can resist the government's motion to dismiss for tardy service on grounds that he has "good cause" for the delay" and finding no good cause was shown and dismissal was appropriate); *Redding v. Essex Crane Rental Corp. of Alabama*, 752 F.2d 1077, 1078 (5th Cir. 1985) (upholding dismissal after giving plaintiff's counsel four chances to serve defendants).

provided that the party has been served with notice that such consequences will result from a failure to object.[3]

## RECOMMENDATION

It is **RECOMMENDED** that Plaintiff Victoria R. Mitchell's claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and/or pursuant to Fed. R. Civ. P. 4(m).

New Orleans, Louisiana, this 19th day of May, 2022.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).